UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TINA MURRAY, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| vs. | : | |
| | : | |
| WAL-MART STORES EAST, LP, | : | |
| | : | |
| Defendant. | : | July 28, 2023 |

**Jury Trial Demanded**

### COMPLAINT

Plaintiff, Tina Murray, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, Wal-Mart Stores East, LP, respectfully alleges:

### PARTIES

1. Plaintiff, Tina Murray, is a citizen and resident of the State of Connecticut.

2. Defendant, Wal-Mart Stores East, LP, was and is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 708 SW 8th Street, Bentonville, Arkansas 72716.

3. At all times material, plaintiff was an employee within the meaning of the ADA Amendments Act of 2008 (ADAAA).

4. At all times material, defendant was an employer within the meaning of the ADAAA.

5. At all times material, plaintiff was an employee within the meaning of the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-58 *et seq.*

6. At all times material, defendant was and employer within the meaning of the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-58 *et seq.*

1

## JURISDICTION AND VENUE

7. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: The Americans with Disabilities Act Amendments Act of 2008, cited as 42 U.S.C. §12101.

8. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

9. The Court has pendent jurisdiction over the state law claims.

## GENERAL ALLEGATIONS

10. Defendant employed plaintiff.

11. Defendant hired plaintiff on or about June 6, 2020.

12. Plaintiff worked at the defendant's Wal-Mart store located in Putnam, Connecticut.

13. Plaintiff worked for defendant as an hourly wage employee.

14. Plaintiff's job title at the time of hire was deli clerk.

15. Plaintiff was qualified for the job.

16. Plaintiff was subsequently transferred from the deli clerk position to the "pick up today" position.

17. In 2021, plaintiff underwent neck surgery (fusion) to address a herniated disc.

18. Plaintiff notified defendant of her upcoming neck surgery.

19. Plaintiff's treating health care providers cleared plaintiff to work with a reasonable accommodation in the form of "light duty" in advance of her neck surgery.

20. Plaintiff communicated the accommodation request to the defendant.

21. Defendant rejected the accommodation and refused to offer an alternative accommodation that would have allowed her to continue to work in advance of her neck surgery.

22. As a result of the accommodation denial, defendant forced plaintiff out on an unpaid leave of absence in advance of her neck surgery.

23. In explaining its decision to deny her the reasonable accommodation, defendant told plaintiff that there was no work in the building for the plaintiff to do; that she was a liability; that they had nothing [work] for her; and she needed to leave the building.

24. On or about February 25, 2021, defendant put plaintiff out on an unpaid leave of absence.

25. Plaintiff underwent neck surgery on or about May 13, 2021.

26. On June 13, 2021, plaintiff returned to work with a "light duty" restriction.

27. Plaintiff was working with the "light duty" restriction post-operatively and continued to do so up to an including the date of termination.

28. In August 2021, plaintiff sustained a head injury and concussion.

29. Plaintiff notified defendant of the head injury and concussion.

30. Plaintiff left work early on or about August 18, 2021 with concussion symptoms.

31. On August 18, plaintiff went to the hospital for the head injury and was diagnosed with a concussion.

32. Plaintiff notified defendant that she left work early due to her head injury.

33. Plaintiff notified defendant that she went to the hospital on August 18 and was diagnosed with a concussion.

34. The hospital's doctor notified plaintiff that she needed to take a few days off from work; not look at computer monitors, tv screens, phone screens or any other electronic screens; drink fluids; and get rest.

35. Plaintiff texted a photograph of the hospital's discharge note to the defendant.

36. Plaintiff's job involved calling people on the phone, looking up orders on the computer and viewing the hand-held device screen.

37. Given plaintiff's diagnosis, the doctor's instruction and her job duties, plaintiff called out of work for two (2) days.

38. When plaintiff returned to work, the defendant refused to excuse the call outs - telling plaintiff that she should have saved all of her sick time so she would have time to be out for her concussion and to take this and use it as a learning experience.

39. Putting aside the fact that the concussion-related absences should have been excused, plaintiff's lack of sick time was due to the fact that defendant previously refused to accommodate plaintiff with light duty prior to undergoing the scheduled neck surgery.

40. Defendant made negative comments about plaintiff's medical issues.

41. Defendant told plaintiff that she should have "sucked it up" and deal with it in reference to having to take time off from work due to the head injury.

42. The store manager told plaintiff that she should have saved her sick time and it was not "our" fault or problem and that they had a business to run.

43. On the day she returned to work from the concussion, plaintiff felt dizzy and woozy. These were concussions-related symptoms.

44. Plaintiff reported the symptoms to defendant.

45. In response, defendant accused plaintiff of "standing around" while at work.

46. Defendant terminated plaintiff's employment on or about August 26, 2021.

47. Plaintiff continues to experience concussion-related symptoms including headaches, nausea and dizziness.

48. The concussion symptoms are chronic.

49. The concussion symptoms substantially impair or limits one or more major life activity including concentration and thinking.

50. Plaintiff takes medication for the symptoms.

51. The disc herniation is a chronic condition.

52. The disc herniation substantially impairs one or more major life activity including lifting,

53. Defendant regarded or perceived plaintiff as being disabled.

54. Plaintiff can perform the essential functions of the job with or without reasonable accommodation.

55. On or about May 16, 2022, plaintiff filed a complaint against defendant with the State of Connecticut Commission on Human Rights and Opportunities (CHRO).

56. On or about May 16, 2022, plaintiff filed a complaint against defendant with the Equal Employment Opportunity Commission (EEOC).

57. On or about May 4, 2023, plaintiff received a Release of Jurisdiction from the CHRO (copy attached hereto as Ex.1).

58. Plaintiff receipt of a right to sue letter from the EEOC is pending and once received will be attached hereto as Exhibit 2.

## FIRST COUNT
## (Disability Discrimination in Violation of the ADAAA)

1. Plaintiff repeats the allegations in paragraphs 1 through 58 above as if fully incorporated herein.

59. Defendant's actions violate The Americans with Disabilities Act Amendments Act of 2008, which prohibits discrimination on the basis of disability.

60. Defendant, by and through its agents and/or employees, violated the Americans with Disabilities Act, in one or more of the following ways:

(a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b) In that defendant discriminated against the plaintiff in such a way that it adversely affected her status as an employee;

(c) In that defendant terminated plaintiff's employment;

(d) In that defendant treated the plaintiff adversely different from similarly situated employees;

(e) In that defendant intentionally discriminated against the plaintiff on the basis of disability (actual or regarded as).

61. As a result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

62. As a further result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

63. As a further result of defendant's termination and discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by

the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

64. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

65. Defendant exhibited reckless indifference to the plaintiff's civil rights by terminating her employment on the basis of her disability.

## SECOND COUNT
### (Disability Discrimination in Violation of the ADAAA)

1. Plaintiff repeats the allegations in paragraphs 1 through 65 above as if fully incorporated herein.

66. Plaintiff requested reasonable accommodation for her disabilities.

67. Defendant denied the accommodations.

68. As a result of the accommodation denials, plaintiff sustained harms and losses.

## THIRD COUNT
### (Retaliation in Violation of the ADAAA)

1. Plaintiff repeats the allegations in paragraphs 1 through 68 above as if fully incorporated herein.

69. Plaintiff requested reasonable accommodation for her disabilities.

70. Defendant received plaintiff's accommodation requests.

71. Defendant retaliated against plaintiff for requesting reasonable accommodation.

72. As a result of the retaliation, plaintiff sustained harms and losses.

## FOURTH COUNT
### (Disability Discrimination in Violation of C.G.S. §46a-60(B)(1))

1. Plaintiff repeats the allegations in paragraphs 1 through 72 above as if fully incorporated herein.

73. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60b *et seq.* in one or more of the following ways.

(a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability (actual or perceived as);

(b) In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee;

(c) In that defendant treated the plaintiff adversely different from similarly situated employees;

(d) In that defendant terminated plaintiff's employment on account of her disability;

(e) In that defendant intentionally discriminated against the plaintiff.

74. As a result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

75. As a result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

76. As a further result of defendant's termination and discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

77. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## FIFTH COUNT
### (Failure to Accommodate in Violation of C.G.S. §46a-60(b)(1))

1. Plaintiff repeats the allegations in paragraphs 1 through 77 above as if fully incorporated herein.

78. Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60b *et seq.* in one or more of the following ways.

(a) In that defendant failed to accommodate plaintiff's disabilities;

(b) In that defendant failed to engage in good faith with the reasonable accommodation interactive process.

79. As a result of defendant's failure to accommodate, plaintiff has been deprived of income, wages, and benefits.

80. As a further result of defendant's failure to accommodate, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

81. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## SIXTH COUNT
### (Retaliation in Violation of C.G.S. §46a-60(b)(4))

1. Plaintiff repeats the allegations in paragraphs 1 through 81 above as if fully incorporated herein.

82. Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.*, when it retaliated against plaintiff for requesting a reasonable accommodation.

83. As a result of the retaliation, plaintiff sustained harms and losses.

## **DEMAND FOR RELIEF**

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/employee/retirement benefits, , emotional distress; ADA punitive damages; CFEPA punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; prejudgment interest; post judgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Dated:  July 28, 2023

_____
James V. Sabatini, Esq. ct19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Tina Murray**
**COMPLAINANT**

CHRO No. 2340008
EEOC No. 16A202200939

vs.

**Wal-Mart Stores East LP**
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE: May 4, 2023**

*Tanya A. Hughes*
Tanya A. Hughes, Executive Director

cc:
    Complainant's Attorney: James Sabatini, Esq.
                                  Sabatini and Associates
                                  jsabatini@sabatinilaw.com

    Respondent's Atty.:    Linda Wihbey, Esq.
                                  Littler Mendelson
                                  lwihbey@littler.com

    Case File

# EXHIBIT 2

13